Wentz v. Frickel.

GEORGE H. WENTZ, APPELLEE, V. HENRY FRICKEL ET AL., APPELLANTS.

FILED DECEMBER 31, 1923.   No. 22648.

1. **Appeal: ISSUES: OBJECTIONS ON APPEAL.** Where evidence is received without objection to its relevancy, and the issues to which it is applicable are presented and tried as though such issues were presented by the pleadings, objection will not be heard in this court that the pleadings are insufficient to present such issues.

2. **Evidence** examined, and finding of trial court approved.

APPEAL from the district court for Lancaster county: WILLIAM M. MORNING, JUDGE. *Affirmed.*

. *Reavis & Beghtol* and *C. E. Sanden,* for appellants.

*John S. Bishop, contra.*

Heard before MORRISSEY, C. J., ROSE and GOOD, J.J., REDICK AND SHEPHERD, District Judges.

REDICK, District Judge.

Action to foreclose a mechanic's lien for plumbing and steam heating, upon a three-story and basement frame rooming-house in the city of Lincoln; defendants counterclaimed for damages for delay in the installation of the heating plant; plaintiff answered the counterclaim by a general

denial. There was a finding for plaintiff and against defendants on the counterclaim, and decree establishing and foreclosing the lien, and defendants appeal.

The plumbing and heating contract was in writing, and no question is made as to its performance except as to time: The contract was dated March 26, 1919, and contained this provision: "It is understood that I will not be obliged to set the boiler until some time in the summer or before cold weather, but may do so at any time I desire." We construe this to mean that the boiler will be set before cold weather in the year 1919. It was not set until March, 1920, and the last radiators were not connected until March, 1921, and the principal dispute is over the question as to which party was responsible for the delay; the defendants contending that the building was ready to receive the heating plant from and after May, 1919, and the plaintiff that floors were not laid so that radiators could be finally installed on the second and third floors until the spring of 1921, and that finally some of them had to be installed upon blocks because the final flooring was not laid. Both of these contentions find some support in the evidence, but it would serve no useful purpose to set out the evidence produced by the respective parties, and we must content ourselves and counsel with announcing our conclusion, after a careful reading and consideration of the evidence as contained in the bill of exceptions, that the contentions of plaintiff are sustained. The evidence in support of the counterclaim is, to say the least, not convincing. Defendants testify that the floors were all laid in the building in the same condition that they were at the time of trial before defendants went to Wyoming in May, 1919, while, in fact, only the rough flooring was laid and the finished flooring was not completed on the second and third floors at the time the last radiators were set, and that the same had to be set upon blocks upon that account. They further testified that the house was ready to receive roomers in the fall of 1919, whereas, in fact, the front stairs were run to the first landing in the spring of 1920, and not extended to the third floor until December of that year, until

which time only temporary stairways existed. They further testified that the cement flooring in the basement was complete in May, 1919, but it appears that the material therefor was not delivered until late in November of that year, and then only a portion of the cement floor was laid, the time of its final completion not being precisely shown.

The facts are that the building was constructed without the employment of an architect or a contractor, by Henry Frickel himself, with the assistance of one carpenter, sometimes two, and Frickel himself was away months at a time in the summer, when little, if anything, was done, and the work of construction dragged slowly along, so that a building which ordinarily should be completed in five or six months was not finished for over two years; and it appears that the installation of the heating plant by plaintiff kept pretty close pace with the work of construction; the roughing-in work was done promptly, and the various fixtures, bathtub, lavatories and radiators were installed from time to time upon request of defendants. Furthermore, no complaint seems to have been made by defendants on account of the delay in the installation of the heating plant, or that they had sustained any damages on that account, until the filing of the counterclaim in this suit. The only complaint which defendants made was contained in a letter of December 7, 1920, in which they said to plaintiff:

"You have attempted to install second-hand radiators in said house instead of new ones as required by our contract. Unless you, at once, proceed to complete said heating plant with the best materials as required by said contract, I will proceed to have said heating plant completed by other parties and hold you responsible for all damages that I may suffer by reason of your failure to carry out your contract."

This letter evinced no intention on the part of defendants to make any claim on account of the delay, but referred to the fact that plaintiff claimed the right, under a modification of the contract, to install a certain number of second-hand radiators; this dispute was settled by the parties

going to an attorney's office and plaintiff agreeing to install new radiators, but nothing was said in those negotiations about delay in performance.

Without pursuing the matter further, we think the parties by common consent disregarded the provision as to the time when the heating plant should be installed, and that defendants' claim of delay and consequent damage is an afterthought having its origin in the situation brought about by the commencement of suit to foreclose mechanics' liens held by plaintiff and other parties; and that the finding and judgment of the district court should not be disturbed.

One matter regarding the pleadings requires notice. Defendants contend that plaintiff was not entitled to present evidence excusing the delay in the installation of the heating plant beyond the time fixed by the contract, because he had not pleaded the facts constituting the basis of· such claim, but had merely filed a general denial. This point was not raised in the court below, and so we do not feel called upon to discuss it; the evidence of plaintiff on this subject was received without objection as to its relevancy, and the case was presented to the district court for decision as though the issue had been properly presented by the pleadings, and it is now too late for defendants to raise the point. The judgment of the district court is right and must be affirmed.

AFFIRMED.